# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL OTIS ROBERTSON**                                                              **PLAINTIFF**
**#106563**

v.                              No: 4:20-cv-01417 KGB-PSH

**NEWBURN,** *et al.*                                                                   **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Michael Otis Robertson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 2, 2020 (Doc. No. 2), and was subsequently granted leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a) (Doc. No. 3). In the Court's initial order for *pro se* prisoner plaintiffs, Robertson was notified

of the provisions of Local Rule 5.5(c)(2), including the provision that if any communication from the Court to a *pro se* plaintiff is not responded to within thirty days, the case may be dismissed without prejudice.  *Id.*  On February 8, 2021, Robertson notified the Court of a new free-world address, indicating that he had been released from custody.  *See* Doc. No. 10.  The next day, the Court ordered Robertson to submit the remainder of the $350.00 filing fee or file a fully completed and signed IFP application reflecting his free-world financial status within 30 days.  *See* Doc. No. 11.  Robertson was cautioned that failure to comply with the Court's order within that time would result in the recommended dismissal of his case without prejudice, pursuant to Local Rule 5.5(c)(2).

More than 30 days have passed, and Robertson has not complied or otherwise responded to the February 9 order.  Also, the order has not been returned to the Court as undeliverable.  Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders.  *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

IT IS THEREFORE RECOMMENDED THAT Robertson's complaint (Doc. No. 2) be DISMISSED WITHOUT PREJUDICE and his motion for a temporary restraining order (Doc. No. 7) be denied as moot.

DATED this 19th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE